occurring more than two years after the publication of the alleged libel, *held* error.

5. LIBEL AND SLANDER, § 123*—*when matters occurring after the publication inadmissible.* Evidence of facts occurring more than two years after the publication of the alleged libel does not tend to show the truth of the publication nor is it admissible in mitigation of damages.

6. LIBEL AND SLANDER, § 146*—*when proof of the truth of the publication insufficient.* In an action for libel, where the principal charge in the publication was that plaintiff was a boy disguised as a girl, proof that plaintiff was masculine in her behavior and guilty of acts indicating an undue affection for women, *held* not to amount to proof of the truth of the publication.

7. LIBEL AND SLANDER, § 160*—*questions for court.* The purport of the publication is a question of law for the court.

8. WITNESSES, § 210*—*form of questions on cross-examination.* It is the province of counsel on cross-examination to ask questions, not to state facts. A question so framed that the answer "No sir" would deny only a part of a question is improper.

9. WITNESSES, § 210*—*what questions on cross-examinations are improper.* In an action for libel, question asked of plaintiff on cross-examination concerning whether plaintiff's mother had been married eight times, *held* improper.

---

## John F. Devine, Administrator, Appellant, v. Northwestern Elevated Railroad Company, Appellee.

### Gen. No. 18,328.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed December 22, 1913.

### Statement of the Case.

Action by John F. Devine, administrator of Josephine Welter, deceased, against Northwestern Elevated Railroad Company, a corporation, to recover damages for the death of deceased alleged to have been caused by being struck by one of defendant's

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

cars at a street crossing.  From a judgment in favor of defendant, plaintiff brings error.

O'DONNELL, DILLON & TOOLEN, for appellant.

ADDISON L. GARDNER for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 268*—*right to special findings.* In any case in which the jury renders a general verdict they must, on the request of a party, be required to find specially upon any material question or questions of fact.

2. NEGLIGENCE, § 247*—*right to special finding with reference to question of due care of plaintiff.* In an action for damages for negligently causing death, defendant is entitled both to an instruction to find for defendant if deceased was guilty of negligence contributing to the accident and also to a special finding whether deceased was in the exercise of proper care and caution at the time of the accident.

3. NEGLIGENCE, § 250*—*when failure of instruction to define care required of plaintiff, not reversible error.* Failure of instructions on question of due care of plaintiff to define "due and proper care and caution" and "ordinary care," *held* not reversible error where it is doubtful whether any attempted definition of the words used would have made their meaning clearer.

4. NEGLIGENCE, § 250*—*when omission in instruction not reversible error.* Omission of an instruction to state that the failure by the deceased to exercise due and proper care which would prevent a recovery for plaintiff is limited to cases where such failure caused or contributed to the injury and death of deceased, *held* not reversible error.

5. NEGLIGENCE, § 247*—*when error in excluding questions asked on cross-examination not reversible error.* Error in sustaining objections to questions asked on cross-examination concerning defendant's negligence, *held* not reversible error in view of a special finding of jury that deceased was not in the exercise of due care at the time of the accident.